JACOB WERLE, as Administrator, etc., Respondent, *v.* THE LONG ISLAND RAILROAD COMPANY, Appellant.

The stoppage of a railroad train at a regular station is an invitation to the public to take passage thereon, and the sale of tickets for that train binds the company running the road to furnish its passengers a safe and secure place to ride.

Proof of their omission to do so, whereby a passenger is obliged to ride in an unsafe place, is evidence tending to show negligence.

The fact that a passenger, failing to find a seat, and having none pointed out to him by any employe of the company, takes a position on the platform of the car where other passengers are riding, and without objection from any employe, and is thrown from the car by a sudden

lurch given it by the great and increased speed with which the train is run when turning a curve, does not, as matter of law, establish contribu, tory negligence.

(Submitted February 13, 1885; decided March 3, 1885.)

THIS was an action to recover damages for alleged negligence, causing the death of Jacob P. Werle, plaintiff's intestate.

The deceased took passage on a train on defendant's road at East New York for Manhattan Beach. The cars were crowded, and failing to find a seat, he, with others, stood on a platform of a car. Other passengers were standing between the seats and on other platforms. The train, on turning a curve, ran at great and increased speed. The car, in consequence, gave a sudden lurch, and the deceased was thrown from the platform and killed.

The mem. of opinion is as follows:

"The stoppage of the train at East New York, one of its regular stations, constituted an invitation to the public to take passage thereon. The sale of tickets by the defendant at that station for passage on that train bound it to furnish a safe and secure place for its passengers to ride, and comfortable accommodations for their convenience. Proof of its omission to do so, whereby the plaintiff's intestate was obliged to ride in an unsafe place on the platform of the car, and the speed with which they ran over the curves when the accident occurred, furnished sufficient evidence from which the jury were authorized to find the fact of defendant's negligence. This is not questioned by the appellant, but he contends that the evidence shows contributory negligence on the part of the plaintiff's intestate.

There was evidence tending to show that the deceased got on to the train at a way station, that he looked for seats before getting on, and could find none, and then took up a position with his companion and others on the platform of a car. Other passengers were also riding upon the platforms of other cars, and many were standing up inside the cars between the seats. No servant of the defendant pointed out any seat for him to occupy or objected to the position which he had taken on the

car.   The evidence tended to show that the accident occurred in consequence of a sudden lurch given to the car by the great and increased speed with which it struck and turned the curve. This motion of the car was described by some of the witnesses as of considerable violence, and one of them stated that he would have been thrown to the floor if he had not caught and been sustained with both hands by the seats.   One witness testified that the motion of the car sent the deceased flying through the air, and another that it threw him off up into the air.

This evidence tended to show an unusual and dangerous movement of the cars, and bore strongly upon the question of contributory negligence.

The evidence was conflicting as to whether the deceased was standing near the center or on the edge of the platform at the time of the accident, and it was silent as to whether he was holding to any thing at that time.

While the evidence as to many of the facts was conflicting, we think there was nothing proved in the case for which the court have the right, as a question of law, to attribute contributory negligence to the deceased, and that the whole case presented simply questions of fact for the consideration of the jury.   (*Ginna* v. *Second Av. R. R. Co.*, 67 N. Y. 596.)   Under such circumstances we have no right to disturb their verdict, and the judgment should be affirmed."

*Alfred C. Chapin* for appellant.

*William A. Cohen* for respondent.

*Per Curiam* mem. for affirmance.
All concur.
Judgment affirmed.